USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-31-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THEODORE SIMMONS,                    :
                                     :
                    Petitioner,      :      08 Civ 5739 (VM)
                                     :
        - against -                  :      **DECISION AND ORDER**
                                     :
FEDERAL, PRISON EMPLOYEES, OF THE    :
FEDERAL BUREAU OF PRISONS,           :
                                     :
                    Respondents.     :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Pro se petitioner Theodore Simmons ("Simmons"), who is currently incarcerated at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241").[1]  He alleges that the Federal Bureau of Prisons ("BOP") failed to credit time he spent in federal pre-sentence custody against the federal sentence he is currently serving. For the reasons discussed below, Simmons's petition is DENIED.

---

[1]    The proper respondent for a prisoner's habeas petition is the petitioner's custodian, who is typically the warden of the prison in which the petitioner resides.  See Robles v. Dennison, No. 05 Civ. 0428, 2007 WL 2187303, at *1 n.1 (W.D.N.Y. July 30, 2007).   Because Simmons is petitioning pro se, however, the Court will treat his petition as if Simmons had named Janice M. Killian, warden of FCI Otisville, as the respondent.

## I. BACKGROUND[2]

On January 26, 1999, the Philadelphia Court of Common Pleas sentenced Simmons to a term of three to six years for Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance.  On November 12, 1999, the New Jersey Superior Court, Bergen County, sentenced Simmons to a fifteen-year term for Possession of a Controlled Dangerous Substance with Intent to Distribute.  Both of these convictions stem from the same underlying incident, and neither is related to the federal conviction for which Simmons is currently serving time at FCI Otisville.

On October 17, 2002, Simmons was transferred from state to federal custody, pursuant to a writ of habeas corpus ad prosequendum, so that he could testify before a grand jury in the Eastern District of Pennsylvania.  Simmons was subsequently indicted on charges stemming from his provision of false statements to a federal firearms licensee, between January 1996 and January 1998. On February 19, 2003, Simmons pleaded guilty to four counts of making false statements to a federal firearms licensee and four counts of being a felon in

---

[2]    The following factual summary is derived from the parties' representations contained in the following submissions and any exhibits attached thereto: Petitioner's Application of Writ of Mandamus Pursuant to 28 U.S.C. § 1361 (construed by the Court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241), dated June 26, 2008 ("Petition"); Government's Opposition to the Petition for Writ of Habeas Corpus, dated April 10, 2009 ("Opposition"); and Declaration of Kinda Flagg, dated April 10, 2009 ("Flagg Decl.").  Except where necessary, no further citation to these documents will be made.

possession of a firearm.  On May 19, 2004, he was sentenced by the United States District Court for the Eastern District of Pennsylvania (the "Sentencing Court") to a 60-month term of imprisonment for the first four counts and a 180-month term of imprisonment for the second four counts, all to be served concurrently.  The federal sentences were also to be served concurrently with the remainder of his state sentences.

The judgment entered by the Sentencing Court recommended that Simmons be given credit for time he spent in federal custody prior to the commencement of his federal sentence on May 19, 2004.  The BOP, however, found that its regulations did not authorize giving such credit because Simmons was still serving out his state sentences and was only in federal custody on a writ of habeas corpus ad prosequendum.  In other words, Simmons received credit against his state sentences for the time he spent in federal pre-sentence detention and could not also receive credit against his federal sentence for that time.

Upon commencement of his federal sentence, Simmons was returned to the state of New Jersey for completion of his state sentences, which were now running concurrently with his federal sentence.  Simmons completed those sentences on February 6, 2006, at which point he was released into exclusive federal custody to serve out the remainder of his federal sentence.

-3-

## II. DISCUSSION

A.   REVIEW OF PRO SE PETITIONS

As an initial matter, the Court is mindful that Simmons
is proceeding pro se, and that his submissions should thus be
held to "less stringent standards than formal pleadings
drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22
(2d Cir. 1993) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)).
Moreover, when a plaintiff brings a case pro se, the Court
must construe his pleadings liberally and interpret them "to
raise the strongest arguments that they suggest." Graham v.
Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v.
Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).   Still, pro se
status "does not exempt a party from compliance with relevant
rules of procedural and substantive law." Boddie v. New York
State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003)
(quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

B.   ELIGIBILITY TO SEEK § 2241 RELIEF

Simmons seeks relief under § 2241, which is "available to
a federal prisoner who does not challenge the legality of his
sentence, but challenges instead its execution subsequent to
his conviction." Carmona v. United States Bureau of Prisons,
243 F.3d 629, 632 (2d Cir. 2001).   To receive judicial review
pursuant to § 2241, Simmons must have exhausted his
administrative remedies.   See id. at 634 (citing Guida v.
Nelson, 603 F.2d 261, 262 (2d Cir. 1979)).

-4-

It is not entirely clear from Simmons's Petition whether he has exhausted his administrative remedies.  The Petition includes copies of denials of requested relief from prison warden Craig Apker, dated December 1, 2006 (see Petition Ex. C), and from BOP Regional Director D. Scott Dodrill, dated January 3, 2008 (see id. Ex. D).  The Petition also includes Simmons's final appeal, dated January 13, 2008, to the BOP General Counsel (see id. Ex. E); it does not, however, include or make reference to a decision on the final appeal.  The Government's brief does not raise any questions as to the exhaustion of administrative remedies.  Thus, the Court will assume, without deciding, that Simmons has exhausted his administrative remedies.  As discussed below, the petition cannot succeed on the merits.

C.    THE BOP'S COMPUTATION OF SIMMONS'S FEDERAL SENTENCE

Simmons's sole claim for relief is that the BOP improperly denied him credit against his federal sentence for the time he spent in federal custody between October 17, 2002 and May 14, 2004.  Simmons cites 18 U.S.C. § 3585(b), which states, in part, "[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed ... that has not been credited against another sentence."   Simmons also points out that the

-5-

Sentencing Court recommended that he be given the credit time he now seeks.

Simmons's argument is without merit. Because Simmons was still serving his state sentences at the time he was transferred to federal custody, Simmons received credit against his state sentences for the time period from October 17, 2002 to May 14, 2004. Under 18 U.S.C. § 3585(b), a defendant may only receive credit for custody time "that has not been credited against another sentence." Simmons thus may not receive credit against a federal sentence for time that has already been credited against his state sentences. See United States v. Wilson, 503 U.S. 329, 337 (1992); United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998); Werber v. United States, 149 F.3d 172, 173 (2d Cir. 1998).

Simmons was transferred from state to federal custody by writ of habeas corpus ad prosequendum while he was still serving his state sentences, and thus was still legally in state custody pursuant to those sentences. See, e.g., United States v. Smith, 812 F. Supp. 368, 381 (E.D.N.Y. 1993) ("A federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities."); id. at 371 ("A federal sentence does not begin to run ... when the defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and

-6-

federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligations."). Thus the pre-sentence period from October 17, 2002 to May 14, 2004 was properly credited toward Simmons's state sentences, and not toward his federal sentence.

The Court also notes that the Sentencing Court's recommendations regarding Simmons's sentence credit had no binding effect on the BOP. Credit time under 18 U.S.C. § 3585 "is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, not by a district court at the time of sentencing." United States v. Keller, 58 F.3d 884, 894 (2d Cir. 1995).

Accordingly, finding no basis for relief in this action, the Court denies Simmons's petition.

### III. ORDER

For the reasons stated above it is hereby

**ORDERED** that the petition (Docket No. 2) of petitioner Theodore Simmons for a writ of habeas corpus is DENIED.

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         31 July 2009

                                    VICTOR MARRERO
                                       U.S.D.J.

-7-